The opinion of the Court was delivered by
Gantt, J.
By the Act of March, 1189,[2] for granting probates of wills and letters of administration, and other purposes, it is required, that on the appointment of an administrator and letters of- administration, granted, he shall enter into bond with condition, among other thing, “ that he shall make a just and true account of his actings and doings when required by the said Court, and all the rest of the said goods, chattels and credits, which shall be found remaining upon the account of the Said administration, the same being first allowed by the said Court, shall deliver and pay unto such persons, respectively, as are entitled to the same by law,” &c. From this view of the law, it is obvious that the Court of Ordinary, and that alone, is the proper tribunal for the settlement of the affairs of the estate. And it is the duty of that Court, in every case of default, to cite the administrator before him, that the cause may be made to appear. If, after having done so, the administrator does not act in conformity with his duty, as pointed out by law, the Ordinary, in such case, may call in the aid of this Court to enforce obedience, by a suit upon the administration bond. A distributee is not entitled to a remedy by action upon the bond till distribution decreed ; *501 *for until tbe estate is settled up, bow can it appear what is the dividend to which he is entitled. L
Butler and Butler, for the motion. M’Duffie, contra.
Were it otherwise, that the Court of Common Pleas should exercise jurisdiction in cases of this nature, where no return had been made in the Court of Ordinary, it will be seen at the first glance, that a whole term might be employed in investigating the affairs of an estate, and then have made but little progress. Such is not the law. Constituted for that special purpose, the Court of Ordinary must take cognizance of all matters relative to the affairs of the estate. All that is due to, and payable from, the estate, is there to be accounted for by the administrator, and when a final adjustment is made, and the account closed, it is the duty of the Ordinary to decree distribution of what remains. What is it that the administrator is to deliver and pay over ? I answer in the words of the Act, that which has been first allowed by the Court of Ordinary. Nothing of this kind has been sanctioned by that Court, and for the want of it, we think the nonsuit below was legally awarded.
CoioooK, Nott, JohnsoN and KjchaRDSON, JJ., concurred.

 5 Stat. 110, § 21.